IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CAUSE NO. 3:23-CR-086-MPM-RP

FELICIA SMITH

## ORDER

This cause comes before the Court on Defendant Felicia Smith's Amended Motion for Acquittal [257] or New Trial [243]. Having filed an Amended Motion for Acquittal [257], Defendant's original Motion for Acquittal [242] is dismissed as moot. For the following reasons, both the Amended Motion for Acquittal [257] and New Trial [243] are denied.

### FACTS AND PROCEDURAL HISTORY

Ms. Smith's conviction arises out of her participation in a scheme concocted by Lakeith Faulkner and Norman Beckwood to defraud the government by submitting fraudulent Economic Injury Disaster Loan ("EIDL") applications to the Small Business Association ("SBA").

In July 2020, prior to her involvement in the scheme, Ms. Smith applied for an EIDL entirely on her own. In her application, Ms. Smith falsely claimed to have a business operating in 2019 with $75,000 in gross revenue and $20,000 in cost of goods sold. Her application was denied.

Sometime in or before January 2021, Ms. Smith's childhood friend, Mr. Beckwood, connected her with Mr. Faulkner, an employee of the SBA. Using his insider knowledge about the SBA, Mr. Faulkner helped individuals receive EIDLs by creating fraudulent applications on their behalf in exchange for payment. With the help of Mr. Faulkner, Ms. Smith was able to reactivate her initial EIDL application for reconsideration by the SBA. Mr. Faulkner created a fake Schedule C and submitted it to the SBA on Ms. Smith's behalf. Ms. Smith's loan was approved, and she

received $199,000. On March 3, 2022, Ms. Smith sent Mr. Faulkner a check for $50,000 made payable to Mr. Beckwood.

In June 2023, the Grand Jury indicted Ms. Smith, along with ten other individuals, on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of aiding and abetting wire fraud in violation of 18 U.S.C. §§ 2, 1343. On September 11, 2024, after a three-day trial, the jury convicted Ms. Smith on both counts. Ms. Smith subsequently filed a Motion for Acquittal [257] or New Trial [243].

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29(c) provides that a court may set aside a jury's verdict and enter a judgment of acquittal in a criminal case. The standard for reviewing such a motion is "whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the government, established the defendant's guilt beyond a reasonable doubt." *United States v. Duncan*, 164 F.3d 239, 242 (5th Cir. 1999) (citing *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994)). While the court may "weigh evidence and assess the credibility of the witnesses during its consideration of the motion for new trial, . . . [n]o such discretion is allowed when the court decides a motion for a judgment of acquittal." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982)).

Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to grant a new trial "if the interest of justice so requires." In considering a motion under Rule 33(a), "[t]he trial judge may weigh the evidence and assess the credibility of the witnesses[.]" (quoting *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005)) (additional citation omitted). The district court's discretion, however, is not unlimited as it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id*. (quoting *Arnold*, 416

F.3d at 360; *Robertson*, 110 F.3d at 1118). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. (quoting *Arnold*, 416 F.3d at 360; *Robertson*, 110 F.3d at 1118).

## DISCUSSION

To obtain a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit wire fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. 18 U.S.C. §§ 1343, 1349. Further, to prove aiding and abetting wire fraud, the government must prove that (1) the offense of wire fraud in violation of Title 18, United States Code, Section 1343 was committed by some person; (2) that the defendant associated with the criminal venture; (3) that the defendant purposefully participated in the criminal venture; and (4) that the defendant sought by action to make that venture successful.

Ms. Smith claims she is entitled to an acquittal because Mr. Faulkner lacked credibility, Mr. Faulkner's testimony was motivated by self-serving interests, and the government's case relied solely on assumptions, inferences, and speculation. As previously mentioned, this Court may not re-weigh evidence and assess witness credibility when deciding a motion for acquittal. *Robertson*, 110 F.3d at 1117. The jurors are the ultimate arbiters of a witness's credibility, and the evidence should be viewed in the light most favorable to their verdict. *United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014); *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir.1991). Given the overwhelming weight of the evidence, this Court finds that the government met its burden.

Ms. Smith further claims a new trial is warranted because the verdict is against the weight of the evidence and contrary to principles of justice and equality. As the government points out,

Ms. Smith's Motion for New Trial [243] does not allege any specific issues with the jury's verdict or the evidence presented by the government at trial but instead makes only generic claims. In viewing the evidence in the light most favorable to the jury's verdict, the Court finds there was sufficient evidence to support Ms. Smith's conviction.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Defendant's Amended Motion for Judgment of Acquittal [257] and Motion for New Trial [243] are **DENIED** and Defendant's Motion for Acquittal [242] is **DISMISSED** as moot.

SO ORDERED this the 5th day of November, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI